UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE
BUILDING TRADES ANNUITY BENEFIT
FUND, BUILDING TRADES WELFARE
BENEFIT FUND AND BUILDING TRADES
PENSION FUND,

                        Plaintiffs,

         -against-

PEGASUS ELECTRIC, INC. a/k/a PEGASUS
ELECTRICAL CORP.,

                       Defendant.

----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 25 2019 ★

LONG ISLAND OFFICE

ORDER
17-CV-3450 (JFB)(SIL)

JOSEPH F. BIANCO, District Judge:

On January 17, 2019, Magistrate Judge Locke issued a Report and Recommendation (the "R&R," ECF No. 18) recommending that the Court award plaintiffs damages in the total amount of $98,749.89 plus attorneys' fees and costs (totaling $101,380.89). The R&R denied plaintiffs' application for reimbursement of accounting fees without prejudice, and gave plaintiffs leave to resubmit the request along with appropriate supporting documentation. The R&R was served on defendant on January 22, 2019. (ECF No. 19.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of receipt of the R&R, *i.e.*, by February 8, 2019 (which includes an additional three days because service was made by mail). (R&R 16.)

Plaintiffs filed what is docketed as an "objection" to the R&R on January 23, 2019, but is actually supporting documentation for the accounting fee application, which plaintiffs were

granted leave to file pursuant to the R&R. (Pl. Supp. Doc., ECF No. 20.) The date for filing any objections has now expired, and defendant has not filed any objections to the R&R.

Where there are no objections to a report and recommendation issued by a magistrate judge, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although defendant has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the Complaint, the default judgment motion papers, and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in its entirety, and accepts plaintiffs' additional documentation filed in support of the application for accounting fees as sufficient to sustain such an award. Specifically, for the reasons set forth in the R&R, the Court

adopts the total damages award calculation of $98,749.89 plus $2,631.00 in attorneys' fees and costs (totaling $101,380.89), and based upon the additional supporting documentation provided in plaintiffs' January 23, 2019 filing, awards plaintiffs an additional $5,579.93 in "accounting fees," comprised of $3,487.43 in auditor's fees for the electrical audit and $2,092.50 in auditor's fees for the clerical audit. Thus, the Court awards a total amount of $106,960.82 to plaintiffs.

Accordingly, IT IS HEREBY ORDERED that the plaintiffs are awarded damages in the total amount $106,960.82, which includes attorneys' fees and costs. IT IS FURTHER ORDERED that plaintiffs serve a copy of this Order and the forthcoming default judgment on defendant.

SO ORDERED.

*/s/ Joseph F. Bianco*

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:      February __, 2019
            Central Islip, NY